

FILED
SUPERIOR COURT
OF GUAM

2013 AUG 26 PM 3: 2(

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

TOMAS G. QUEVEDO and ABRA G.
QUEVEDO,

                         Plaintiffs,

          vs.

GEORGE A. SANTOS, as
COMMISSIONER, WORKER'S
COMPENSATION COMMISSION,
DEPARTMENT OF LABOR,
GOVERNMENT OF GUAM,

                       Defendants.

Civil Case no. CV1797-11

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo June 4, 2013, on Plainttiffs' 22 GCA § 9122 appeal of Defendants' October 10, 2011 Findings of Fact and Conclusions of Law. Plaintiffs were represented by attorney Wayson S. Wong. Defendants were represented by Assistant Attorney General William C. Bischoff. After considering the matters presented, the Court now issues the following decision and order DENYING Plaintiffs 22 GCA § 9122 appeal and AFFIRMTING the Defendants' October 10, 2011 Findings of Fact and Conclusions of Law.

## BACKGROUND

**History**

This action stems from a February 2, 2001 death-benefits worker's compensation claim for Zhenya Quevedo (hereafter Mrs. Quevedo). In their claim Plaintiffs argue and assert that Mrs.Quevedo's March 16, 2000 death was the result of a February 4, 2000, fall she sustained while exiting her car and navigating the uneven walkway from the car to her home. They assert that her fall occurred within the zone of her employment and that a substantial cause of her

falling was due to a prior August 1993, work related fall that injured her back.

On July 24, 2001, the Guam Worker's Compensation Commission found in an initial determining Controversion Letter, that Plaintiffs' claim was administratively denied. It found that the claim was of a personal nature and not arising out of and in the course of employment. Plaintiffs objected to the Defendants' initial determination and an informal conference was conducted. The informal conference affirmed the initial determination.

On May 5, 2005, a formal hearing was held and testimony, arguments and evidences were received. Both Parties fully participated at the hearing. On October 10, 2011, Defendants entered findings and conclusions administratively affirming its two prior decisions. In its findings the Hearing Commission found,

> Whereas, Dr. Duenas, at the formal hearing testified that he believed that the fall resulted from the injury in 1993, however, his testimony was controverted on various occasions wherein he changed his testimony stating that the uneven balance of the ground at the Employee's home when exiting the car could have been a factor in her fall. Additionally, Dr. Duenas testified that Employee had degenerative joint disease prior to her 1993 work action and this arthritic process could have continued to degenerate regardless of the 1993 work accident exacerbating her condition. Dr. Duenas through cross-examination by Attorney Bischoff, stated that Employee's osteoporosis and morbid obesity could worsen her lower back condition. He also testified that her obesity worsened her lower back pain and made her likely to fall along with the osteoporosis. In fact Dr. Duenas recommended swimming so Employee could lose weight but she never lost weight.

> WCC believes from the medical testimony provided and the medical documents submitted, it is sufficient to establish that Employee's physical ailments she suffered from and not her previous work injury was the cause for the fall, which led to her eventual death.

> That based upon substantial evidence, Employee's fall in February 4, 2000 was not a direct and natural result of her previous work injury suffered in August 1993.

Compl. Ex. E. at 185-200.

**Briefs**

On May 8, 2013, Plaintiffs filed a paper entitled, Plaintiffs' Opening Brief. In it they request that the Court reverse or remand for further consideration the Defendant's October 10, 2011, findings and conclusions. In support of this request Plaintiffs argue and assert that Defendants committed reversible error by: 1) considering and relying upon expert medical testimony that the parties stipulated would not be used and 2) not considering whether Mrs.Quevedo was within the zone of her employment when she fell. Plaintiffs further urge and argue that the Court should find that Mrs.Quevedo's August 1993 injury was a substantial cause of her February 4, 2000 fall and/or that upon arriving at her house she was within the zone of her employment. Plaintiffs support the latter of these arguments by asserting that there are sufficient facts to support a finding that Mrs.Quevedo was authorized to work at her home at the time of her accident.

On May 21, 2013, Defendants filed their opposition brief. In it they argue and assert that while they stipulated they would not use the other medical expert testimony at the hearing, that the Defendant Hearing Officer was allowed to rely upon it if it so choose. In support of this argument Defendants cite to a 1976 New York Appellate Division case styled, *Carbonaro v. Chinatown Sea Food, Inc., et al.*, 55 A.D.2d 756. Defendants further argue that the correct standard to be applied to the issue of whether Mrs.Quevedo's February 4, 2000 fall arose out of and was in the course of her August 1993 employment injury is not, whether her December 1993 injury was a substantial factor in the second February 4, 2000 fall, but whether the November fall was a direct and natural result of the prior compensable December injury. Ultimately Defendants argue that Mrs.Quevedo was not engaged in work-realted activity, that her fall was not a direct result of her back injury and that the October findings were soundly

applied to applicable law and facts and should be affirmed.

Plaintiffs' filed their reply brief on May 28, 2013. In it they argue that because Mrs.Quevedo was authorized to work at her home any injury she suffered there was within the zone of her employment. They also re-argue that the Court should apply the substantial factor test to its review of the matter below.

## DISCUSSION

Chapter 9 of Title 22 of the Guam Code regulates claims for workers compensation on Guam. 22 GCA §§ 9101-9145. In September of 2006 the Guam Supreme Court analyzed and interpreted these sections of the Guam Code. *Fagan v. Dell'Isola*, 2006 Guam 11 ¶¶ 15-41. It held that the standard which applies when reviewing a decision of the Guam Workers Compensation Commission is, "whether the Commissioner's decision was in accordance with the law" *Id.* at 15. For a workers compensation claim to be compensable it must, result from an injury sustained while engaged in public employment. *Id.*; 22 GCA § 9104.

The *Fagan* Court explained that Section 9104 requires that initially a claimant, "must allege an injury that arose in the course of employment as well as out of employment." *Fagan* 2006 Guam 11 ¶ 23. It held that, "the mere showing of an injury at the workplace does not invoke the presumption of compensability found in 22 GCA § 9121. Rather, in order to invoke the presumption of compensability, a claimant bears the burden of establishing, first, that he suffered an injury, and second, that the injury occurred in the course of employment, or conditions existed at work that could have caused, aggravated, or accelerated the injury." *Fagan*, 2006 Guam 11 ¶ 23-24.

In this case Plaintiffs argue their claims fall within the above standard under two theories. The first theory is that Mrs. Quevedo's claim occurred within the zone of her employment workplace. The Court is not persuaded by this argument. Although not

extensively discussed in its findings and conclusions, Plaintiffs' claim was initially denied on July 24, 2001 because the claim was determined to be of a personal nature and not an injury that occurred in the course of employment. The Court finds this finding to be in facial accordance with Guam recognized law. Plaintiffs' claim fails because there are no facts to support a finding that Mrs. Quevedo's injury occurred in the workplace. It is undisputed in Plaintiff's papers that Mrs. Quevedo's injury occurred outside of her home. It is also undisputed that she was not at the time of her fall attempting to perform any activity associated with her employment as a Grant writer. Absent Plaintiffs asserting these facts the Court is not persuaded that it can find that a compensable claim lies. *Fagan*, 2006 Guam 11 ¶ 23-24.

Plaintiffs also argue that regardless of the area were Mrs. Quevedo was working, her August 1993 workplace injury was a substantial factor in the injury that caused her death. The Court is not persuaded that it should apply a substantial factor test to the facts of this case. On its face the statute appears to require a more direct link to the injury. 22 GCA § 9104. Whether the November 2000 fall was caused by the prior December 1993 injury was decided by the Defendant Commission in its October 10, 2011, decision. Compl. Ex. E. at 185-200. In its decision it found that Dr. Duenas testimony that Mrs. Quevedo's fall was caused by her prior injury to be inconsistent and not credible. Reviewing its findings the Court finds that even absent the Defendant's Commission's reliance upon other medical expert testimony there are sufficient facts to support the Defendants' findings and conclusions under the appropriate standard.

## CONCLUSION

For the reasons set forth above Plaintiffs' 22 GCA § 9122 appeal is DENIED and the Defendants' October 10 2011 Findings of Fact and Conclusions of Law AFFIRMED.

SO ORDERED, this _____ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that this is a true copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

AUG 2 6 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam